UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JIMMY V. WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 06 C 6392 ) ) Judge George M. Marovich |
| PEPSI-COLA GENERAL BOTTLERS, INC. | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jimmy Williams filed an amended complaint against Pepsi-Cola General Bottlers, Inc. ("PCGB") asserting race discrimination and retaliation in violation of Title VII of the Civil Rights Acts of 1964. PCGB moves to dismiss as time-barred the race discrimination claim. It also seeks to strike the remainder of the complaint for failure to comply with Rule 10(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants in part and denies in part PCGB's motion.

**I.  Background**

For purposes of this motion to dismiss, the Court takes as true the allegations in Williams' first amended complaint and also considers the documents attached to the first amended complaint.

*Williams' employment with PCGB*

PCGB hired Williams, an African-American man, in December 2005. Williams worked as a dock worker and forklift operator on a contract basis. He was paid a lower hourly wage than full-time employees were paid.

In the spring of 2006, PCGB promoted other contract employees to full-time employment. Williams alleges that these individuals were less qualified than he and that they were not African-American. Williams further alleges that when he asked why he was passed over, PCGB managers told him that it was "a white man's world" and that they did not want any "Malcolm X, Dr. Martin Luther King types trying to rally the brothers." Based on these incidents, on August 8, 2006, Williams filed a charge of race discrimination with the Equal Employment Opportunity Commission ("EEOC").

On August 23, 2006, PCGB informed Williams that he was being hired as a full-time employee, subject to a 60-day probationary period. At the end of the 60-day probationary period, PCGB terminated Williams' employment. On October 30, 2006, Williams filed a second charge of discrimination with the EEOC, this time asserting that he was discharged in retaliation for filing the earlier charge of discrimination.

*Williams's litigation*

On August 23, 2006, Williams received from the EEOC his notice of right to sue on the August 8, 2006 charge of discrimination. On November 22, 2006, Williams presented the Clerk of Court with his complaint and a petition to proceed *in forma pauperis*. The Court granted the petition to proceed *in forma pauperis*. On or about February 10, 2007, Williams received from the EEOC,, his notice of right to sue on the October 30, 2006 charge of discrimination. Williams filed on May 4, 2007 a first amended complaint, in which he added a claim for retaliation.

## II. **Standard on a motion to dismiss**

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P.

12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Twombley*, 127 S.Ct. at 1964-1965. A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Twombley*, 127 S.Ct. at 1965.

In considering a motion to dismiss, a court may not consider matters outside the pleadings without converting the motion to a motion for summary judgment. *See* Fed.R.Civ.P. 12(b). The pleadings include documents attached to the complaint. *See* Fed.R.Civ.P. 10(c).

**III.    Discussion**

Title VII sets out administrative requirements that must be met before one may file a discrimination complaint in federal court. The Supreme Court has explained that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108 (2002) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). "[P]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Threadgill v. Moore U.S.A.*, 269 F.3d 848, 851 (7th Cir. 2001) (quoting *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)).

### A. The 90-day requirement

Among other procedural requirements, a plaintiff wishing to pursue his Title VII claim in federal court generally must file a charge of discrimination with the EEOC or the Illinois Department of Human Rights within 300 days after the allegedly unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e)(1); *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004). In addition, a plaintiff must file suit in federal court within 90 days after receiving a notice of right to sue from the EEOC or IDHR. *See* 42 U.S.C. § 2000e-5(f)(1). This (as is every) statute of limitations is an affirmative defense, and the plaintiff need not plead around it. *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003). Still, a plaintiff "may plead himself out of court by alleging (and thus admitting) the ingredients of a defense." *Id.*

Here, plaintiff admitted in his amended complaint that on August 23, 2006, he received his notice of right to sue on the August 8, 2006 charge of discrimination. On November 22, 2006, he provided the Clerk of Court with a copy of his complaint and a petition to proceed *in forma pauperis*. Because the Court granted his petition to proceed *in forma pauperis*, plaintiff's complaint is deemed filed on November 22, 2006. *See* Local Rule 3.3(d)(2). November 22, 2006 was more than 90 days after he received his notice of right to sue. Accordingly, Williams's race discrimination claim, which was the subject of his August 8, 2006 charge of discrimination, is time-barred.

Plaintiff's claim for retaliation, on the other hand, is not time-barred. Williams received on February 10, 2007 the notice of right to sue on his retaliation charge. Within ninety days, on

May 4, 2007, Williams filed his amended complaint. Accordingly, his retaliation claim is not time-barred.

Williams argues that his race discrimination claim, despite being filed more than ninety days after he received the notice of right to sue, is somehow saved by the "continuing violation" doctrine. Williams argues that his discharge is linked to earlier unlawful conduct, such that the earlier alleged race discrimination is still actionable.

The Court disagrees. First, this Court has *never* been convinced that the continuing violation theory survives *National Passenger RR Corp. v. Morgan*, where the Supreme Court concluded both: a) that a "discrete retaliatory or discriminatory act 'occurred' on the day that it "happened;" and b) that discrete discriminatory acts, such as termination, failure to promote, denial of transfer, or refusal to hire, are "not actionable if time-barred, even when they are related to acts alleged in timely filed charges." *National Passenger RR v. Morgan*, 536 U.S. 101, 110, 113 & 114 (2002); *see also Roney v. Illinois Dep't of Trans.*, 474 F.3d 455, 460 (7th Cir. 2007). Second, in any case, the trigger for filing suit in federal court is *not* when the alleged discriminatory action occurred but rather when the plaintiff receives the notice of right to sue, so the continuing violation doctrine could have no application to the 90-day requirement. *See Threatt v. Jackson*, Case No. 06 C 6392, 2007 WL 723584 at *2 (N.D. Ill. March 7, 2007); *see also Adbullahi v. Prada USA Corp.*, Case No. 06 C 4527, 2007 WL 1521711 at *3 (N.D. Ill. May 23, 2007) ("The 90-day filing requirement would indeed be meaningless if a party could revive claims by simply filing a new charge.").

Williams's race discrimination claim is time-barred, and the Court hereby dismisses it with prejudice.

**B.     Defendant's 10(b) argument.**

Rule 10 of the Federal Rules of Civil Procedure provides, in relevant part:

> Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Fed. R. Civ. P. 10(b). Defendant argues that the remainder of plaintiff's first amended complaint should be stricken because he has failed to set out his two claims as separate counts.

Because the Court has already dismissed with prejudice one of plaintiff's two claims, the Court denies as moot defendant's motion to strike.

**IV.     Conclusion**

For the reasons set forth above, the Court grants in part and denies in part PCGB's motion to dismiss. The Court dismisses with prejudice plaintiff's claim for race discrimination. The Court denies as moot the remainder of defendant's motion. This case is set for status on September 7, 2007 at 11:00 a.m.

ENTER:

/s/ George M. Marovich
_____
George M. Marovich
United States District Judge

DATED: August 21, 2007